UNITED STATES of America, Plaintiff–Appellee

v.

Henry DELEON, Defendant–Appellant.

No. 06–41758
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Feb. 13, 2008.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Larry Chris Iles, Rockport, TX, for Defendant–Appellant.

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM: *

Henry DeLeon was convicted by a jury of conspiring to possess with intent to

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

distribute and with possessing with intent to distribute more than 500 grams of a substance containing methamphetamine. He was sentenced to concurrent terms of life imprisonment. In his sole issue on appeal, DeLeon maintains the district court abused its discretion by replacing an impaneled, with an alternate, juror after the close of evidence but before deliberations.

The district court has the discretion to remove a juror who is "unable to perform or ... [is] disqualified from performing [his] duties". FED.R.CRIM.P. 24(c)(1); *United States v. Huntress,* 956 F.2d 1309, 1312 (5th Cir.1992). The removal of the juror fell within the wide discretion afforded to the district court, in the light of its stated concern that, during deliberations, the juror could reveal the particularized information he possessed and act as a witness, thereby calling into question the validity of the verdict. *See Huntress,* 956 F.2d at 1312.

AFFIRMED.